## In re Fifth Ward of City of Bethlehem

*Russell C. Mauch* and *Milton J. Goodman*, for petitioners.

PER CURIAM, July 7, 1948.—On March 16, 1948, the following document signed by 23 persons was filed in the Court of Quarter Sessions of Northampton County, Pa.

"To the Judges of the Court of Quarter Sessions of Northampton County, Pennsylvania:

"Greetings:

"We the undersigned qualified electors of the Fifth Ward of the City of Bethlehem, Northampton County, Pennsylvania, hereby petition your Honorable Court to divide said Ward into two election districts for the convenience of the qualified electors of said election district."

The court referred the matter to the county board of elections for investigation and report in accordance with the Pennsylvania Election Code of June 3, 1937, P. L. 1333, sec. 503, reënacted without change by the Act of April 4, 1945, P. L. 143, 25 PS §2703.

It will be noted that the signers allege themselves to be qualified electors of the fifth ward of the City of Bethlehem, Northampton County, Pa., and petition the court for a division of the ward without alleging any facts upon which the request can be predicated. It will be noted also that the document is not verified by affidavit.

The Act of April 4, 1945, P. L. 143, 25 PS sec. 503 §2703, provides as follows:

"Upon the petition of twenty registered electors of any township, borough, ward or election district, to the court of quarter sessions of the proper county, praying for the division or redivision of such township, borough, ward or election district into two or more election districts, or for the alteration of the bounds of any election district, or for the formation of one or more election districts out of two or more existing election districts, or parts thereof, or for the consolidation of adjoining election districts, the said court shall refer the said petition to the county board of elections, which shall make a full investigation of the facts, and shall report to the next term of the court its findings and recommendations as to the division, redivision, alteration, formation or consolidation of election districts prayed for. If the county board shall find that a division, redivision, alteration, formation or consolidation of election districts will promote the convenience of the electors and the public interests, it shall recommend a proper division, redivision, alteration, formation or consolidation of election districts, and shall accompany its report with a map, plot or draft of the new election district or districts proposed

by it, if the same cannot be fully designated by natural lines. Such petitions may specify the boundaries desired by the petitioners, and may be accompanied by a map setting forth such boundaries."

The petition is the foundation of all the subsequent proceedings. It is highly important therefore that it shall be in due form and according to law. In the instant case there is no jurat to the petition.

"This alone is a fatal error. The court is supposed to act upon due proof of the essential facts to give it jurisdiction. No evidence is 'due proof', unless given under the sanction of an oath or affirmation. The reason is too obvious for argument. Should every word of the petition be willfully and corruptly false, the petitioners could not be punished for perjury": North Chester Election District, 3 Pa. C. C. 247, 248.

Northampton County Court Rule No. 181 requires that: "Every petition containing allegations of fact on which shall be founded a citation or rule to show cause shall be verified by affidavit, unless all the facts appear of record." The petition under consideration violates this rule of court.

The petition contains no allegation that the signers are "registered electors", nor does the report of the county board of elections contain a finding to that effect. Where electors petition for the division of an election district, the act requires the signature of 20 registered electors. This is a jurisdictional requirement that cannot be waived. Full compliance with the act must appear of record.

For the reasons hereinabove given we are of the opinion that the petition is defective in its present form and must be dismissed. Since the matter involves "the division, redivision, alteration, formation . . . of election districts by the court of quarter sessions . . . the cost of the proceedings" will be placed upon the county in accordance with the Act of April 4, 1945, P. L. 143, 25 PS §2706.

438

*Order*

And now, July 7, 1948, the petition praying for the division of the Fifth Ward of the City of Bethlehem, Northampton County, Pa., into two election districts, is dismissed. All costs of the proceedings are to be paid by the County of Northampton.